**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDREW ROBERTSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04-C-6339 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| KENNETH R. BRILEY, Warden, Stateville ) | |
| Correctional Center ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Andrew Robertson is trying to mount a collateral attack under 28 U.S.C. § 2254 against his conviction for home invasion, attempted armed robbery, and aggravated battery. Before this Court can reach the merits of his habeas petition, however, it must determine whether Robertson's § 2254 petition was filed beyond the time period permitted by federal law. *See* 28 U.S.C. § 2254(d).

After a trial in Cook County Circuit Court, Robertson was found guilty of home invasion, attempted armed robbery, and aggravated battery on March 8, 1999, and sentenced to concurrent terms of 55, 15, and 5 years respectively. *See People v. Robertson*, 1-99-1161, slip op. (Ill. App. Ct. June 5, 2000). On direct appeal, the assistant public defender of Cook County filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), seeking to withdraw as Robertson's counsel because he concluded that there were no issues of merit to be raised on appeal. Robertson submitted several issues to the Illinois Appellate Court in support of his appeal. After consideration, the appellate court granted counsel's motion to withdraw and affirmed the trial

court's judgment on June 5, 2000. *See People v. Robertson*, No. 1-99-1161. The Illinois Supreme Court, on June 6, 2001, denied Robertson's request for leave to appeal. *People v. Robertson*, 754 N.E.2d 1291 (tbl), 195 Ill.2d 568 (Ill. 2001). On November 15, 2001, Robertson filed a pro se petition for post-conviction relief; the post-conviction court dismissed his petition as without merit on January 4, 2002. The Illinois Appellate Court affirmed on November 8, 2002. Robertson failed to file a petition for leave to appeal within the 21 days permitted under Illinois law. Instead, he filed a petition for leave to file a late petition for leave to appeal with the Illinois Supreme Court on May 1, 2003. The Illinois Supreme Court granted this motion on September 27, 2003, and treated the petition for leave to appeal as filed from the date of its order. On December 3, 2003, however, the Illinois Supreme Court denied Robertson's appeal. Robertson had 90 days to file a petition for a writ of *certiorari* in the United States Supreme Court, but did not do so. Instead, Robertson filed the present habeas petition on September 20, 2004.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petition from a state court conviction must be filed within one year of the final conviction date. The relevant section of the federal law governing the time during which a petitioner may to file under 28 U.S.C. § 2254 specifically states, "[t]he limitation period shall run from the latest of the date on which the judgement became final by the conclusion of direct review or direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After reviewing the pleadings in this matter and the record provided by the parties, this Court finds that Robertson's habeas petition was filed outside the permissible limitations period. Under the AEPDA, Robertson's state court conviction became final on September 4, 2001. The Illinois Supreme Court denied his petition for leave to appeal on June 6, 2001, but he had an additional 90 days during which he could, but did not, file a petition for writ of *certiorari* in the United States Supreme Court. The one-year statute of limitations under AEDPA began to run on September 4, 2001. From that date until November 15, 2001, the day Robertson filed his pro se post-conviction petition in the Circuit Court of Cook County, the limitations period ran, for a total of 72 days. Robertson's post-conviction petition proceedings tolled the statute of limitations. 28 U.S.C. § 2244(d)(2). On November 8, 2002, however, the Illinois Appellate Court dismissed Robertson's appeal of the trial court's denial of his petition. Under Illinois law, Robertson had 21 days to appeal this dismissal in the Illinois Supreme Court. He did not do so and the limitations period began to run again on November 29, 2002, at the latest. *See Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2003) (reserving the question of whether the 21 day period for filing a petition for leave to appeal with the Illinois Supreme Court tolls the AEDPA statute of limitations after an Illinois Appellate Court dismisses a post-conviction petition).

The limitations period ran until at least May 1, 2003, when Robertson signed his motion to file a late petition for leave to appeal with the Illinois Supreme Court, or another 153 days.[1] Under Seventh Circuit case law, the statute of limitations was tolled from the date Robertson

---

[1] The Government, in its motion to dismiss, noted that it counted from the dates on which Robertson actually signed motions, rather than the dates on which they were filed with their respective courts. Doing so gave Robertson the greatest likelihood of meeting the one-year statute of limitations. This Court accepts the Government's dating system for the purpose of this motion.

filed his motion for leave to file a late petition until the date the Illinois Supreme Court issued its final decision on the merits. *See Fernandez*, 227 F.3d at 979-80. Thus, the limitations period began to run again on December 3, 2003, when the Illinois Supreme Court dismissed Robertson's petition for leave to appeal. From that date until Robertson filed his habeas petition with this Court, the statute of limitations continued to run, for a total of 292 additional days.

In total, Robertson's conviction in state court was finalized 517 days before he filed his habeas petition in federal court.

Robertson argues that his failures to meet filing deadlines was due to his lack of legal education and experience. He noted that he relied on the help and assistance of inmate law clerks at the Stateville Correctional Center, where he is incarcerated, in researching and preparing his filings. In addition, he stated that the inmate law clerks at times refused to return his papers and documents or to provide assistance until he paid them or met some demand. In one instance, Robertson alleges, an inmate law clerk agreed to prepare a Petition for Leave to Appeal in the Illinois Supreme Court on the condition that Robertson first provide the law clerk with "a brick of squares and a Canon typewriter ribbon." Pet'r's Resp. Br., Ex. B-A.

Further, Robertson contends that an inmate law clerk told him that his habeas petition was timely, and therefore, he should be "entitled to tolling of that specific time period." This Court finds it is reasonable to read Petitioner's response brief as making an equitable tolling argument. In other words, Robertson's brief argues that although his habeas petition might literally violate the statute of limitations, this Court should toll the statute for equitable reasons, such as his reliance on the faulty advice of the inmate law clerk. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, __ U.S. __, 125 S. Ct. 1807, 1814 (2005). The United States Supreme Court has not yet decided whether equitable tolling applies to the period of limitations under § 2244(d)(1). *Id.* at n.8. Here, however, Robertson provides evidence that he contends demonstrates his repeated efforts to get legal assistance in pursuing his post-conviction remedies. He provides a copy of his "legal mail card," which shows the dates of outgoing mail and the intended recipient. It is clear from this card that Robertson sent legal mail to a number of Chicago-area legal organizations, including some law firms, between December 1999 and March 2004. Most of his mailings occurred, however, in the period between January 2000 and July 2003; in other words, during the period that his pro se post-conviction petition was under review before various Illinois state courts. Between the time that the Illinois Supreme Court dismissed his post-conviction petition and the date of the present habeas petition, Robertson's mail card shows only three outgoing mailings, one of which was to the Illinois Supreme Court itself. This Court is unable to find as a matter of law that Robertson's mail card supports a finding of diligent pursuance of his rights. In addition, Robertson's reliance on the faulty advice of an inmate law clerk does not rise to the level of an "extraordinary circumstance" preventing him from filing a timely habeas petition. Many inmates in petitioner's position face the same barriers. Thus, Petitioner has not met the required showing for equitable tolling.

## Conclusion

For the foregoing reasons, this Court grants the Government's motion to dismiss Robertson's Petitioner for a Writ of Habeas Corpus as untimely. This case is hereby terminated.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **September 15, 2005**